Hon. Norris L. Webster Village Attorney, Medina
This is in reply to your letter of May 15, 1979 in which you seek this office's opinion as to the status of the Village's auxiliary police force established under Local Law No. 1 of the year 1970 by the Village of Medina.
This Village Local Law has provided in part for the following:
 a) The Board of Trustees of the Village of Medina shall have the power to appoint a voluntary auxiliary police force;
 b) Some voluntary auxiliary policemen shall reside within one half mile of the corporate limits of the Village of Medina.
It appears that the foregoing portions of the Village Local Law No. 1 of 1970 may be in excess of the statutory authority. Former Village Law, § 189-a provided the following statutory authority:
 "The mayor of any village shall have power to appoint such number of special policemen for the village as he may deem necessary to preserve the public peace in case of riot, conflagration, dangerous traffic congestion or other public emergency. Such special policemen shall be appointed only when, in the opinion of the mayor, the immediate safety of the public requires it. Such special policemen so appointed shall serve only during a riot, conflagration, dangerous traffic congestion, or other public emergency. Such special policemen shall be residents of the village and shall be under the sole control of the regularly appointed and constituted officers of the police department or police force. They shall have the power to make arrests only for public intoxication, traffic violations, disorderly conduct or other offenses against peace and good order."
It is the opinion of this office that while the authority pursuant to former section 189 of the Village Law was not affected by adoption of the current Village Law (see Village Law, § 23-2200), it is the further opinion of this office that the appointment of special policemen pursuant to Village Law, § 189-a has been authorized by the Legislature in derogation of the Civil Service Law and civil service principles and is justifiable only because of the emergency nature of the occasions during which the section may be invoked. This, to our mind, is a matter of State concern and beyond the power of any village to change or supersede by local law.
While villages of the first class may adopt local laws in relation to matters of local concern pursuant to Village Home Rule Law, § 11, this does not mean that any village could have gone beyond the specific statutory authorization of section 189-a in enacting any such local law.
The current authorization for village auxiliary police is as follows:
General Municipal Law
 "§ 209-o. Natural disaster assistance (Emphasis supplied.)
 "2. Upon the threat or occurrence of a natural disaster emergency such as flood, drought, tidal wave, fire, earthquake, hurricane, windstorm or other storm, landslide or other catastrophe arising from causes other than enemy attack as defined in the New York state defense emergency act, and during and immediately following the same, the chief executive or administrative head of any political subdivision or, in his absence or incapacity, the governing body thereof, is hereby authorized and empowered to and shall use any and all facilities, equipment, supplies, personnel and other resources of his or its political subdivision in such manner as may be necessary or appropriate to cope with the disaster or any emergency consequence thereof. * * *.
* * *
 "5. Any and all personnel or other forces while engaged in rendering assistance pursuant to this section shall be deemed civil defense forces holding a civil defense drill and training exercise called at the direction of local civil defense officials. * * *"
Civil defense oaths are provided for in the New York State Defense Emergency Act, the following is also pertinent to your question:
"§ 9185. Powers of auxiliary police
 "The local legislative body of any county, town, city or village may by resolution confer or authorize the conferring upon members of the auxiliary police the powers of peace officers, subject to such restrictions as such body shall impose." (Emphasis added.)
From the above, auxiliary police may, upon request of the administrative head of a town, be assigned to assist regular police in times of emergency arising from causes other than enemy attack and, while so engaged, shall be deemed civil defense forces holding a civil defense drill and training exercise and may be given the powers of peace officers.
In view of all of the foregoing, it is recommended that Local Law No. 1 of the year 1970 be reviewed for purposes of amendment to bring it into conformity with the provisions of both former Village Law 189-a, General Municipal Law and the New York State Defense Emergency Act.